Booth, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This case was previously decided by the court on May 29, 1911, in an elaborate opinion by Judge Howry. Defendants filed a motion for a new trial predicated largely upon errors of fact. The motion was allowed, additional testimony taken, and the case is now here for final disposition under the last proceedings.
The crux of the situation is found in finding VII. The decedent’s lands are situated upon Savannah Back River, a tributary of the Savannah River, the junction of the two streams occurring at a point about 12 miles above the city of Savannah, again merging some 2 miles below the city. The Government continuously since 1879 has been improving the Savannah River, a navigable stream, by building dams, dredging, and such other engineering work as might improve the same for navigation. These improvements, without going into detail, have resulted in a change of normal conditions respecting the ebb and flow of the tide and the elevation of the mean high and low water plane in the waters of Savannah Back River, resulting, as set forth in finding VII, in an increased elevation of the low-water plane directly in front of the decedent’s plantation of about 10 or 12 inches, an increase of sufficient extent to preclude the use of said lands for rice culture, retard the proper drainage of the lands, and through percolation and seepage make them unfit for any agricultural purposes. The lands had for more than 70 years been used as rice lands, having been reclaimed for that purpose, and were especially so adapted. The claim is for a taking by the defendants, alleged to arise under the fifth amendment to the Constitution.
The case might well be disposed of by a direct reference to the former opinion of the court — 46 C. Cls., 484. In that opinion the authorities cited in opposition to the claim are fully analyzed and little can be added to what was then said.
In the present record, however, there is a slight change in the findings of fact, not of sufficient importance to materially affect the judgment, except as to amount.
*89 We are of opinion that the case falls squarely within the decision of the Supreme Court in United States v. Lynah, 188 U. S., 445. The lands involved adjoin the “ Yerzenobre ” plantation on one side and Beech Hill on the other. The former were in issue in the Lynah ease and the latter in the Williams case, 188 U. S., 485. The natural situation is identical in all important respects.
Judgment will be awarded the claimant for 936 acres at $25 per acre, amounting to $23,400.
It is so ordered.